■ JULES B. SADOCK, Appellant, v LADY ESTER LINGERIE CORPORATION et al., Respondents. [634 NYS2d 86] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about May 4, 1994, which, *inter alia*, denied plaintiff's motion for summary judgment on the first cause of action and, upon a search of the record, granted defendants summary judgment dismissing the first cause of action, unanimously affirmed, with costs.

Plaintiff's attempt to invalidate defendant Karen Sadock's election to the board of directors of Lady Ester Lingerie and her subsequent actions as a director is clearly without merit. Pursuant to the corporation's shareholders' agreement, by-laws and certificate of incorporation, Ms. Sadock was legitimately elected as a fourth director by a unanimous vote, including that of plaintiff, although only a plurality was necessary, and subsequently re-elected by a plurality of the shareholders at many annual meetings. The shareholders' agreement allows as many as seven directors and Business Corporation Law § 614 provides that only a plurality vote is necessary where, as here, the certificate of incorporation does not state otherwise.

It is clear that this meritless lawsuit is brought, as were two preceding suits, in retaliation for defendants' refusal to accede to plaintiffs' buy-out demands and any further frivolous proceeding by plaintiff will result in the imposition of substantial sanctions. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.